IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC PIERRE HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO.  06-257-GPM |
| | ) |
| WARDEN BLEDSOE, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner Marc Pierre Hall, currently an inmate in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**BACKGROUND**

As summarized by the Fourth Circuit,

> [t]he jury found Hall guilty of conspiracy to possess with intent to distribute cocaine and cocaine base within 1000 feet of a school or playground, in violation of 21 U.S.C.A. § 846 (West Supp.1997)

> (count one), use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) & (2) (West Supp.1997) (counts ten and eleven), and use and carry of a destructive device and damage and destruction of real property in and affecting commerce in violation of 18 U.S.C.A. § 844(i) (West Supp.1997) (count twelve). The district court imposed a life sentence on count one with a four hundred and eighty month sentence on count twelve to run concurrently with count one, a sixty month sentence on count ten to run consecutively to counts one and twelve, and a life sentence on count eleven to run consecutively to counts one, ten, and twelve.

*United States v. Hall*, 129 F.3d 1261 (4th Cir., Nov. 17, 1997) (unpublished), *cert. denied*, 524 U.S. 932 (1998). In that appeal, Hall argued "that there was not sufficient evidence to convict him of the charges and that imposition of the second life sentence for count eleven was error." *Id.* The Fourth Circuit disagreed; his conviction and sentence were affirmed. *Id.*

Hall then filed his first motion under 28 U.S.C. § 2255. *Hall v. United States*, Case No. 99-cv-00061 (W.D.N.C., filed Feb. 17, 1999). In that motion he reiterated some of his evidentiary claims that had been raised on direct appeal; those claims were quickly rejected. He also raised several claims of ineffective assistance of counsel; those claims were also rejected. That § 2255 motion was denied on the merits, and his appeal from that decision was unsuccessful. *United States v. Hall*, Appeal No. 01-7871 (4th Cir., filed Oct. 29, 2001). Several years later, Hall filed another such motion that was dismissed as an unauthorized second or successive motion under 28 U.S.C. § 2255. *Hall v. United States*, Case No. 05-cv-00425 (W.D.N.C., filed Oct. 6, 2005), *appeal dismissed*, Appeal. No. 05-7793 (4th Cir., mandate dated Mar. 15, 2006).

## CLAIMS PRESENTED

In this action, his most recent attempt to challenge his conviction and sentence, Petitioner argues that he was "charged, sentenced and incarcerated on a nonexistent crime pursuant to title

18 U.S.C. §844(i) federal arson statute" and that "the evidence of the charge was a miscarriage of justice and per se prejudicial."

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. The fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, however, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a***

***nonexistent offense***." *Davenport*, 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

As stated above, Petitioner argues that he was convicted of a nonexistent crime under the federal arson statute. The basis for this argument appears to be rooted in *Bailey v. United States*, 516 U.S. 137 (1995), but this claim was clearly raised, discussed, and rejected on direct appeal.

> Finally, Hall argues that he did not use the firebomb as use is defined under *Bailey*, and therefore the evidence was not sufficient to support his conviction on count eleven for a violation of 18 U.S.C.A. § 924(c). The indictment charged that Hall knowingly used and carried a destructive device and aided and abetted another in the use of the device. Hall argues that the evidence presented at trial does not demonstrate use or carry by him. The evidence at trial established that Hall drove Rosner and the two juveniles to the Hunter residence. The destructive device was present in the vehicle on the drive to the Hunter residence.
>
> . . . .
>
> With regard to the "carry" prong of § 924(c)(1), we have held that there must be evidence of "bearing, movement, conveyance, or transportation of the firearm." *See United States v. Mitchell*, 104 F.3d 649, 653 (4th Cir. 1997). This court has held that knowingly transporting a weapon in a car during or in relation to a drug transaction satisfies the carry prong of § 924(c). *Id.* at 654. We therefore find that the evidence was sufficient to convict Hall on count eleven.

*Hall, supra*, 129 F.3d 1261 (footnotes omitted).

The Seventh Circuit's decisions on this issue parallel those of the Fourth Circuit. *See, e.g., United States v. Beard*, 354 F.3d 691, 692 (7th Cir. 2004); *United States v. Mancillas*, 183 F.3d 682 (7th Cir. 1999); *United States v. Haynes*, 179 F.3d 1045, 1047 (7th Cir. 1999) ("drug dealers do not bring guns to a deal unless they wish to instill fear in their business associates or they feel the need

for protection"). *See also Muscarello v. United States*, 524 U.S. 125, 126-27 (1998) (the phrase "carries a firearm" not limited to the carrying of firearms on the person but also applies "to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies").

Petitioner's argument that he was convicted of a nonexistent crime is clearly without merit, and it cannot provide him a basis for relief under Section 2241. Accordingly, this action is summarily **DISMISSED with prejudice**, and Petitioner's motion for a show cause order (Doc. 3) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 09/13/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge