### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARC PIERRE HALL,**
**No. 11691-058,**

           **Petitioner,**

    **vs.**                         **Case No. 06-cv-00257-DRH**

**WARDEN BLEDSOE,**

           **Respondent.**


### MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Pending before the Court is petitioner Marc Pierre Hall's motion for reconsideration "pursuant Fed. R. Civ. P. 52(a),(b); 59(e) for additional findings of fact/ reconsideration/ alter or amend judgment/ affidavit"(Doc. 23). This motion was filed in response to this Court's order of to January 12, 2015, which denied Hall's motion to set aside judgment (Doc. 22). Petitioner contends that the Court made various manifest errors in denying his motion to set aside judgment specially grounded in "recharacterizing" it under FEDERAL RULE OF CIVIL PROCEDURE and failing to notify him of said modification. For the following reasons, the Court **DENIES** petitioner's motion.

### II. LAW AND APPLICATION

Although a "motion to reconsider" does not technically exist under the FEDERAL RULES OF CIVIL PROCEDURE, the Seventh Circuit has held that a motion

that challenges the merits of a district court order will automatically be considered pursuant to FEDERAL RULES OF CIVIL PROCEDURE Rule 59(e) or 60(b). See, e.g., *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994). "[W]hether a motion filed within [28] days of entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.2008) (emphasis in original) (citing *Borrero v. City of Chi.*, 456 F.3d 698, 701–02 (7th Cir.2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions-no longer applies")).

Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir.1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992)); see also *Talano v. Nw. Med. Faculty Found.*, Inc., 273 F.3d 757, 762 (7th Cir.2001). Hall's instant motion was filed on January 26, 2015, within twenty-eight days of the challenged order dated January 12, 2015. Therefore, the Court will construe Hall's pending motion as a motion under Rule 59(e). Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. See *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

In the motion at issue, Hall argues that the Court was incorrect in "recharacterizing" his October 27, 2014 motion to set aside judgment under Fed. R. Civ. P. 60(b), and failed to consider the motion as an "independent action pursuant to Rule 60(d)(3)" (Doc. 23). Additionally, he alleges that the Court failed to notify him of said modification pursuant to *Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003). Hall claims that the Court ignored his "motion for independent action" due to the alleged "fraud" by Judge Murphy.

Upon review of the record, the Court remains persuaded that its order denying petitioner's motion (Doc. 23) is correct. Petitioner has not shown any mistake of law or fact or presented any newly discovered evidence that would entitle him to relief under Rule 59(e). Judge Murphy was not a party to this case, as is required under Rule 60(b)(3), and was previously noted in the Court's January 12, 2015 order (Doc. 22).  Additionally, Hall's reliance on *Castro* is misplaced. *Castro* imposes a notice requirement "when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion." *Castro*, 540 U.S. at 383, 124 S.Ct. 786. In this instance, the Court simply "recharacterized" Hall's motion to set aside judgment under Fed. R. Civ. P. 60(b) (Doc. 19). This recharacterization did not subject petitioner to the restrictions imposed on "second or successive" § 2255 claims under federal law. In fact, Hall had previously filed multiple § 2255 motions, which were denied years before the motion at issue was even filed. See *Hall v. United States*, Case No. 99- cv-00061 (W.D.N.C., filed Feb. 17, 1999); 28 U.S.C. § 2255. *Hall v. United States*, Case No.

05-cv-00425 (W.D.N.C., filed Oct. 6, 2005), appeal dismissed, Appeal. No. 05-7793 (4th Cir., mandate dated Mar. 15, 2006). Therefore, the instant motion (Doc. 23) is **DENIED.**

### III. <u>CONCLUSION</u>

Accordingly, petitioner's motion for motion for reconsideration "pursuant Fed. R. Civ. P. 52(a),(b); 59(e) for additional findings of fact/ reconsideration/ alter or amend judgment/ affidavit" is **DENIED** (Doc. 23).

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2015.

Digitally signed
by David R.
Herndon
Date: 2015.02.03
16:17:32 -06'00'

**United States District Judge**